AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Massachusetts |
|---|---|

| Name: John Anderson | Prisoner No. W66971 | Case No. |
|---|---|---|

Place of Confinement: Massachusetts Correctional Institution, Cedar Junction, Route 1A, P.O. Box 100, South Walpole, MA 02071

Name of Petitioner (include name under which convicted): **John Anderson**

Name of Respondent (authorized person having custody of petitioner): v. **David Nolan, Superintendent** and **Thomas F. Reilly**,

The Attorney General of the State of: Massachusetts

04cv12355 REK

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: **Middlesex Superior Court, 40 Thorndike Street, Cambridge, MA 02141**

2. Date of judgment of conviction: **August 30, 1999**

3. Length of sentence: **15 years to 15 years and one day (concurrent sentence of 9 years to 10 years on conviction of assault and battery by means of a dangerous weapon was vacated by the Appeals Court on appeal)**

4. Nature of offense involved (all counts): **mayhem; conviction and sentence on assault and battery by means of a dangerous weapon was vacated by the Appeals Court on appeal and that indictment dismissed.**

MAGISTRATE JUDGE _LPC_

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

RECEIPT # _____
AMOUNT $ _SOU_
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _x_
WAIVER FORM _____
MCF ISSUED _x_
BY DPTY. CLK. _M.V_
DATE _11/5/2004_

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _The Appeals Court for the Commonwealth of Massachusetts_

   (b) Result _conviction for mayhem affirmed; conviction and sentence for assault and battery by means of a dangerous weapon vacated and that indictment dismissed._

   (c) Date of result and citation, if known _May 14, 2003; 58 Mass. App. Ct. 117._

   (d) Grounds raised _(1) denial of 6th amendment right to effective assistance of counsel by counsel's failure to: (a) request intoxication instruction; (b) file/litigate motion to suppress statements; (c) object to Miranda invocation testimony; (d) cross-examine on cooperation agreement; (e) address prison reference; (f) address misleading testimony; (g) avoid admitting bad act testimony. (2) Same as (1) under Art. 12. (3) failure to give intoxication instruction. (4) due process violation by use of misleading testimony._

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court _Supreme Judicial Court for the Commonwealth of Massachusetts._

     (2) Result _application for further appellate review denied._

     (3) Date of result and citation, if known _June 26, 2003; 439 Mass. 1108._

     (4) Grounds raised _same as 9(d) plus violation of 14th amendment due process (and Art. 12 due process) by the Appeals Court's effective application of a conclusive presumption of specific intent._

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court _United States Supreme Court_

     (2) Result _petition for writ of certiorari denied._

     (3) Date of result and citation, if known _November 10, 2003; 124 S. Ct. 545._

     (4) Grounds raised _(1) Violation of 14th amendment due process by the Appeals Court's effective application of a conclusive presumption of specific intent; (2) denial of 6th amendment right to effective assistance of counsel by counsel's failure to request intoxication instruction; (3) Court should overturn Montana v. Egelhof, 518 US 37 (1996) on 14th amendment due process grounds._

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

   Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _Middlesex Superior Court_

     (2) Nature of proceeding _Motion for new trial with memorandum of law in support of defendant's motion discovery (prepared and filed pro se)_

     (3) Grounds raised _denial of access to discovery sufficient to prepare defense, in violation of 14th amendment due process/equal protection and Massachusetts "Bill of Rights."_

(3)

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☑

(5) Result _Motion for new trial denied_

(6) Date of result _May 18, 2000_

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐    No ☑
    (2) Second petition, etc.   Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _The motion for new trial was prepared and filed by petitioner pro se and, due to petitioner's lack of legal knowledge and ability (i.e., his substandard performance), it failed to articulate a viable ground for relief._

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: denial of effective assistance of counsel in violation of 6th amendment by counsel's substandard performance in failing to request a material intoxication instruction.

Supporting FACTS (state *briefly* without citing cases or law) Counsel's failure to request an available jury instruction, that the jury were permitted to consider evidence of petitioner's intoxication in deciding whether he possessed the required specific intent to maim or disfigure, was substandard performance. But for that substandard performance there is a reasonable probability that petitioner would not have been convicted of mayhem. The evidence was sufficient to find petitioner was intoxicated from consuming 12 or more beer drinks and that he lacked specific intent due to his alcohol intoxication. The principal defense was lack of specific intent due to alcohol intoxication.

B. Ground two: denial of effective assistance of counsel in violation of 6th amendment by counsel's substandard performance in failing to file and litigate a material motion to suppress statements.

Supporting FACTS (state *briefly* without citing cases or law) The trial court admitted material evidence of inculpatory statements allegedly made by petitioner while in police custody. Counsel's failure to file and litigate a motion to suppress those statements was not strategic and was substandard performance. The evidence shows a substantial likelihood that petitioner was too intoxicated by alcohol and physically injured to make a valid waiver of his Miranda rights or to make statements that were voluntary under due process. But for that substandard performance there is a reasonable probability that petitioner would not have been convicted of mayhem.

(5)

AO 241 (Rev. 5/85)

C. Ground three: Violation of due process clause of the 14th amendment by the Appeals Court's effective application of a conclusive presumption of the element of specific intent.

Supporting FACTS (state *briefly* without citing cases or law) The Appeals Court effectively held that a jury instruction that the jury were permitted to consider evidence of petitioner's intoxication in deciding whether he possessed the specific intent to maim or disfigure was not required and would not have been required if requested because there was sufficient evidence for a finding of that specific intent. See Commonwealth v. Anderson, 58 Mass. App. Ct. 117 (2003). This eliminated the requirement of the due process clause of the 14th amendment that every fact necessary to constitute the crime must be proved beyond a reasonable doubt.

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing   n/a

   (b) At arraignment and plea  Joseph M. Shields, 600 Worcester Road, Suite 501, Framingham, MA 01702 (withdrew 3/5/98)

(6)

AO 241 (Rev. 5/85)

(c) At trial Frederick A. Busconi, 392 Union Avenue, Framingham, MA 01702 (appointed 3/5/99) (prior to trial, Michael J. Casey, 1725 Revere Beach Parkway, Everett, MA 02149 was appointed 3/5/98 and withdrew 3/5/99).

(d) At sentencing Frederick A. Busconi, 392 Union Avenue, Framingham, MA 01702

(e) On appeal David H. Mirsky, 99 Water Street, P.O. Box 1063, Exeter, NH 03833 (appointed 9/21/01) (prior 'appellate' counsel, Christopher R. Goddu, P.O. Box 1508, Boston, MA 02117, did not participate in preparing or filing appellate briefs).

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☑    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*David H. Mirsky*
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

November 5, 2004
(date)

*John Anderson*
Signature of Petitioner

(7)