UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN ANDERSON )<br>      Petitioner, )<br>)<br>v. )<br>)<br>DAVID NOLAN )<br>      Respondent. )<br>) | Civil Action No. 04-12355-RGS |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondents hereby answer the petition for writ of habeas corpus of the petitioner John Anderson.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. Further answering, the respondent states that the petitioner was also charged with four counts of assault and battery and one count of assault with intent to murder.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(d). Admitted. Further answering, the respondent states the full citation is *Commonwealth v. Anderson*, 58 Mass. App. Ct. 117, 787 N.E. 2d 1136 (2003).

9(e). Admitted. .

9(e)-(f). Admitted. Further answering, the respondent states that the full citation is *Commonwealth v. Anderson*, 439 Mass. 1108, 791 N.E.2d 346 (2003).

10. Admitted.

11(a)(1)-(6) Admitted.

11(b). Left blank by the petitioner.

11(c)(1). Admitted.

11(c)(2). Left blank by the petitioner.

11(d). The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11(d) and calls upon the petitioner to prove same.

12A. (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B. (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C.  (Ground three).  The respondent denies each and every allegation of fact contained in paragraph 12C of the petition for writ of habeas corpus.  Answering further, the respondent states paragraph 12C contains conclusions of law that require no response.  Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13.  Left blank by the petitioner.

14.  The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15.  Admitted.

16.  Admitted.

17.  The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1.  Docket Sheet, *Commonwealth v. John Anderson*, MICR1997-01838.

2.  Defendant's Brief and Record Appendix, *Commonwealth v. John Anderson*, Massachusetts Appeals Court No. 2001-P-0456.

3.  Commonwealth's Brief and Supplemental Record Appendix, *Commonwealth v. John Anderson*, Massachusetts Appeals Court No. 2001-P-0456.

4. Defendant's Reply Brief, *Commonwealth v. John Anderson*, Massachusetts Appeals Court No. 2001-P-0456.

5. *Commonwealth v. John Anderson*, 58 Mass. App. Ct. 117, 787 N.E.2d 1136 (2003).

6. Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. John Anderson*, Docket No. FAR-13459.

7. Notice of Denial of Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. John Anderson*, Docket No. FAR-13459.

8. *Commonwealth v. John Anderson*, 439 Mass. 1108, 791 N.E.2d 346 (2003).

## First Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

## Second Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

## Third Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fourth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

                                          Respectfully submitted,

                                          THOMAS  F.  REILLY
                                          Attorney General

                                          /s/ Eva M. Badway
                                          Eva M. Badway
                                          Assistant Attorney General
                                          Criminal Bureau
                                          One Ashburton Place
                                          Boston, Massachusetts 02108
                                          (617) 727-2200, ext. 2824
Dated: May 24, 2005                             BBO # 635431